IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ISAAC MULAMBA,
    *Plaintiff,*

v.

BOARD OF EDUCATION OF
BALTIMORE COUNTY,
    *Defendant.*

Case No. 25-cv-1334-ABA

**MEMORANDUM OPINION and ORDER**

Plaintiff Isaac Mulamba, who is self-represented, has sued the Board of Education of Baltimore County (the "Board"), bringing employment discrimination, fraud, and constitutional claims. Because Mulamba has already pursued similar litigation in Maryland state courts and lost, the Court will dismiss the case on claim preclusion grounds.

**I.   BACKGROUND[1]**

The Court will draw the facts from Mr. Mulamba's amended complaint (ECF No. 4). That document is a redlined version of Mr. Mulamba's original complaint (ECF No. 1), with additions in blue text and deletions in red, struck-through text. The Court will construe the amended complaint to consist of the text that is not struck through, and will disregard the struck-through red text (there is also some red text that is *not* struck through), as that appears to be what Mr. Mulamba intended. As filed, the amended

---

[1] Because this case is at the pleading stage, the Court will assume the allegations stated in Mr. Mulamba's complaint to be true and construe any reasonable inferences from those allegations in his favor.

complaint is 70 pages. This is in violation of Local Rule 103.1(d) ("Pleadings should be no longer than necessary and, except in removals of a state action, shall not exceed forty (40) pages in length."). Even without the red struck-through text, Mr. Mulamba's complaint would very likely exceed this limit. Nonetheless, the Court has reviewed the extensive complaint and will summarize the facts here.

Mr. Mulamba was employed by the Board as a Data Analyst beginning on January 2, 2022. ECF No. 4 ¶ 8; ECF No. 4-3 at 3. His position was based in Towson and Mr. Mulamba lived in Fairfax, VA, so he negotiated a hybrid word schedule in which he would work in-person only two days per week. ECF No. 4 ¶ 22. Mr. Mulamba was assigned an office, which he agreed to share with another employee who is white (Mr. Mulamba is Black). *Id.* ¶¶ 17, 24. The complaint alleges that Mr. Mulamba began "experienc[ing] strife and resistance from colleagues" in March 2022. *Id.* ¶ 31. The problems stemmed from the Board's decision to increase the number of required in-office days to four per week, which was difficult for Mr. Mulamba given his long commute and was a change from the arrangement he had negotiated when he was hired. *Id.* ¶¶ 40–63. Mr. Mulamba sought an accommodation and/or to enforce his original hybrid agreement. *Id.* These requests were denied. *Id.* ¶¶ 55–63. Mr. Mulamba had multiple conflicts with his supervisors and co-workers related to these requests and denials. This culminated in an August 2022 incident in which Mr. Mulamba alleges that a supervisor and three other employees "scream[ed] at" him and essentially kicked him out of his office. *Id.* ¶¶ 64–75.

Mr. Mulamba then filed an internal employment discrimination complaint, alleging "discrimination based on race, sex, or national origin." *Id.* ¶ 76. Mr. Mulamba alleges that, after he filed that complaint, there were several retaliatory actions,

2

including a co-worker making racist remarks, a threatened performance evaluation and disciplinary meeting, denial of Mr. Mulamba's requests for time off and continued remote work, and prioritization of other employees for work opportunities. *Id.* ¶¶ 77–87. Mr. Mulamba alleges that the Board's internal Equal Employment Opportunity (EEO) office failed to investigate his allegations, and that he subsequently decided to resign. *Id.* ¶¶ 88–98. After he resigned on November 11, 2022, Mr. Mulamba received correspondence from the EEO office "urging him to drop" his earlier complaint. *Id.* ¶¶ 98, 109. He refused to do so. The EEO office interviewed Mr. Mulamba in February 2023 and investigated his complaint, finding that his allegations could not be substantiated. *Id.* ¶¶ 114–22; ECF No. 4-1.

Mr. Mulamba sued in this Court in April 2025. His amended complaint asserts several claims, including constitutional claims pursuant to 42 U.S.C. § 1983 (ECF No. 4 ¶¶ 134-47, 206–17), Maryland law fraud and misrepresentation claims (*id.* ¶¶ 148–58, 246–264), conspiracy to interfere with civil rights under 42 U.S.C. § 1985 (*id.* ¶¶ 176–87), aiding and abetting discrimination under Maryland law (*id.* ¶¶ 188–95), direct constitutional claims (*id.* ¶¶ 196–205), and Title VII claims (*id.* ¶¶ 218–45).

Before he filed the instant suit, Mr. Mulamba also sued in state court. That complaint, which he characterizes as the "original action," was filed in the Circuit Court for Baltimore County in April 2023. *Id.* ¶ 2; *Mulamba v. Board of Education of Baltimore County*, Case No. C-03-CV-23-001611; ECF No. 11-2.[2] The amended state

---

[2] Mr. Mulamba refers to the state proceedings and discusses them in his complaint. *See Medispec, Ltd. v. Chouinard*, 133 F. Supp. 3d 771, 772 (D. Md. 2015) ("In reviewing a motion to dismiss, courts may consider documents referenced or relied upon in the complaint."). Additionally, "[w]hen entertaining a motion to dismiss on the ground of

complaint recited essentially the same set of facts that Mr. Mulamba has alleged here, and asserted claims for employment discrimination, harassment, and retaliation under federal and Maryland law, as well as negligence, abuse of process, and intentional infliction of emotional distress claims. ECF No. 11-3 ¶¶ 149–216. The Circuit Court dismissed all of Mr. Mulamba's claims in a memorandum opinion and order in September 2023. ECF No. 4 ¶ 2; ECF No. 11-4. Mr. Mulamba then appealed this decision to the Appellate Court of Maryland, which affirmed the dismissal in an unpublished opinion in December 2024. ECF No. 4 ¶ 2; ECF No. 11-6. After his motion for en banc rehearing was denied, Mr. Mulamba then petitioned for a writ of certiorari to the Maryland Supreme Court. ECF No. 4 ¶ 2; ECF No. 11-7. His petition was denied in April 2025. ECF No. 4 ¶ 2; ECF No. 11-8.

      The Board has moved to dismiss, arguing that Mr. Mulamba's claims are barred by res judicata in light of the state court action. ECF No. 11. That motion is now fully briefed. Mr. Mulamba has also filed several additional motions, including a "motion for judicial guidance" (ECF No. 10) and a motion to amend the complaint and join parties (ECF No. 26). The Board also filed a motion for a protective order related to Mr. Mulamba's attempts to take discovery prior to the entry of a scheduling order. ECF No. 28.

---

res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006). Mr. Mulamba has not disputed the authenticity of any of the state court documents that the Board attached to its motion to dismiss.

## II.  DISCUSSION

### A.  Res judicata

Res judicata, or claim preclusion, is an affirmative defense by which "a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). The Board has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), which "is intended to test the legal adequacy of the complaint" and normally is not a proper avenue for affirmative defenses. *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993). However, if a res judicata defense "clearly appears on the face of the complaint" and "raises no disputed issue of fact," the Court may consider it in a Rule 12(b)(6) motion. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (quoting *Forst*, 4 F.3d at 250). The Court may take judicial notice of the prior case if the Plaintiff "does not dispute the factual accuracy of the record of [the] previous suit." *Id.*; *see also Hayes v. Maryland Transit Admin.*, 708 F. Supp. 3d 683, 689 (D. Md. 2023), *aff'd*, No. 24-1482, 2024 WL 4262786 (4th Cir. Sept. 23, 2024) (explaining that courts may consider filings from previous judicial proceedings where the authenticity of such records are not disputed as "matters of public record" without converting a motion to dismiss into a motion for summary judgment.). Otherwise, as for any Rule 12(b)(6) motion, the Court assumes the truth of the facts as alleged in the complaint. *See id.* at 688–89.

The Board argues that the claims that Mr. Mulamba has asserted in this case are precluded by his loss in the Maryland state proceedings. "A federal court, as a matter of full faith and credit, under 28 U.S.C. § 1738, must give a state court judgment the same preclusive effect 'as the courts of such State' would give." *In re Heckert*, 272 F.3d 253,

5

257 (4th Cir. 2001). This means that a "a federal court must 'refer to the preclusion law of the State in which the judgment was rendered.'" *Id.* (quoting *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380 (1985)). Under Maryland law, a claim is precluded by a prior judgment if three elements are established:

> (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation.

*R & D 2001, LLC v. Rice,* 402 Md. 648, 663 (2008). All three elements are clearly met here.

First, under element one, the defendant in the state action was the Board of Education of Baltimore County, the same defendant here. ECF No. 11-3 at 2. Mr. Mulamba is the plaintiff in both cases. *Id.* There is an exact identity of parties.

On the second element, identity of claims, "Maryland courts have adopted the 'transactional' approach articulated in § 24 of the Restatement (Second) of Judgments." *ACAS, LLC v. Charter Oak Fire Ins. Co.*, 626 F. Supp. 3d 866, 876 (D. Md. 2022) (citing *Colandrea v. Wilde Lake Cmty. Ass'n, Inc.*, 361 Md. 371, 389 (2000)). Under this approach, "[w]hat constitutes a transaction or series of connected transactions is 'determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting *Kent Cnty. Bd. of Educ. v. Bilbrough*, 309 Md. 487 , 490 (1987))*; see also Hall v. St. Mary's Seminary & Univ.*, 608 F. Supp. 2d 679, 686 (D. Md. 2009), *aff'd*, 378 F. App'x 326 (4th Cir. 2010) (applying Maryland law)

("The term 'transaction' in the context of *res judicata* generally refers to a "'natural grouping or common nucleus of operative facts.'") (quoting *Pittston Co. v. United States,* 199 F.3d 694, 704 (4th Cir. 1999)).

Here, the state action arose from the same transaction that gave rise to the instant case. The amended complaints in this case and the state case contain essentially identical factual allegations: that Mr. Mulamba experienced discrimination, harassment, and retaliation based upon employment disputes related (at least initially) to his desire to maintain a hybrid work schedule and that there was an insufficient EEO investigation. *Compare* ECF No. 11-3 *with* ECF No. 4. Thus, the cases arise from the same set of factual transactions, and the second element of claim preclusion is satisfied.

Mr. Mulamba argues in his brief that his claims are not precluded because he has advanced new claims and uncovered new facts. ECF No. 13 at 11. He is incorrect on both counts. While the instant case raises some different legal claims than the state case, "[t]wo suits that rely upon the same facts will share an identity of claims even if the suits are based upon different legal theories." *Hall*, F. Supp. 2d at 686. Mr. Mulamba raised both federal and state claims in state court related to similar facts of alleged employment discrimination. He cannot avoid *res judicata* by repackaging these facts into different legal claims before this Court. *See Anne Arundel Cnty. Bd. of Educ. v. Norville*, 390 Md. 93, 109 (2005) ("[I]f the two claims or theories are based upon the same set of facts and one would expect them to be tried together ordinarily, then a party must bring them simultaneously. Legal theories may not be divided and presented in piecemeal fashion in order to advance them in separate actions.").

Regarding the "new facts," Mr. Mulamba contends that "[a]round January 2024, one year into the state court action, [he] discovered that the EEO officer had violated the

7

statutory requirements to investigate and make a recommendation within 30 days and exceeded the deadline by 180 days." Under Maryland law, alleged "new facts" are insufficient to overcome a res judicata defense if those facts "could have[] and should have" been alleged in the original action. *Morrow v. King*, 264 Md. App. 708, 723 (2025); *see also Mitchell v. U.S. Bank Nat'l Ass'n as Tr. for Mastr Asset Backed Sec. Tr. 2005-FRE1*, Case No. 19-cv-2225-TDC, 2020 WL 3050739, at *7 (D. Md. June 8, 2020) ("The doctrine of res judicata would become meaningless if a party could relitigate the same issue by merely positing a few additional facts that occurred after the initial suit.") (quoting *Dubuc v. Green Oak Township*, 312 F.3d 736, 751 (6th Cir. 2002)). The "new facts" to which Mr. Mulamba refers appear to merely be that he became aware of a statutory requirement regarding the timing of an EEO investigation. Mr. Mulamba easily could have raised this issue in the state case, and thus it cannot serve to overcome claim preclusion here.

Finally, the third element is also satisfied. The Circuit Court noted that Defendant had moved to dismiss Mr. Mulamba's complaint "with prejudice" for failure to state a claim, and then unreservedly granted that motion without stating that it was giving Mr. Mulamba an opportunity to amend his motion. ECF No. 11-4 at 4, 14. "Under Maryland law, a dismissal with prejudice is an adjudication on the merits." *Grimes v. Miller*, 448 F. Supp. 2d 664, 669 (D. Md. 2006); *see also Moore v. Pomory*, 329 Md. 428, 431 (1993) ("[A]n order dismissing or granting a motion to dismiss a plaintiff's entire complaint, without granting leave to amend, and where there are no counterclaims, cross-claims or third-party claims, puts the plaintiff out of court and terminates the particular action in the trial court."). The dismissal was sufficiently final for Mr.

Mulamba to appeal, and his appeals were subsequently denied by both the Appellate Court of Maryland and the Supreme Court of Maryland. ECF Nos. 11-6, 11-7.

In summary, because all three elements of res judicata are clearly satisfied from the face of the complaint and in light of the prior state court action, Mr. Mulamba's complaint will be dismissed.

### B.    Motion to amend complaint

In July 2025, after briefing on the Board's motion to dismiss was completed, Mr. Mulamba moved to amend his complaint. ECF No. 26-1. His proposed amendments include adding several claims under Title VII and adding counsel for the Board, Andrew G. Scott, as a Defendant in order to assert fraudulent concealment claims against him. *Id.* at 2, 6.

Motions to amend are governed by Federal Rule of Civil Procedure 15. Parties can amend their complaint once as a matter of course 21 days after serving it or within 21 days of being served with an answer or motion to dismiss. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* 15(a)(2). Motions to amend should be granted liberally, but may be denied when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 116 (D. Md. 2020) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).

Mr. Mulamba's proposed Title VII amendments would be futile. As discussed above, he brought Title VII claims in his state court complaint. *See, e.g.* ECF No. 11-3 ¶ 150. The new claims he proposes merely rehash the allegations he has already made

9

concerning his employment by the Board. *See* ECF No. 26-2 ¶¶ 7–19. Mr. Mulamba states that he has a pending petition for certiorari before the U.S. Supreme Court seeking review of the Maryland Supreme Court's decision. ECF No. 26-1 at 2. But he does not explain how this would fix the fundamental problem with his case in this Court, namely that he has already litigated his claims and lost in state court. His proposed Title VII claims would be futile because they are barred by claim preclusion.

The Court will also not allow Mr. Mulamba to amend his complaint so that he can drag Mr. Scott into this lawsuit. Mr. Mulamba seeks to assert a fraudulent concealment claim against Mr. Scott. Under Maryland law, the elements of such a claim are "(1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment." *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 138 (2007) (quoting *Green v. H & R Block*, 355 Md. 488, 525 (1999)). Mr. Mulamba's proposed amended pleading alleges that Mr. Scott concealed the fact that the Board breached its duty to conduct investigations under Title VII. ECF No. 26-2 ¶¶ 20–26. But even if that allegation is true, it would relate to a duty owed by the Board—not Mr. Scott. The amendment does not allege any duty that *Mr. Scott*, the proposed new Defendant, owed Mr. Mulamba. *See also Painter's Mill Grille, LLC v. Brown*, Case No. 11-cv-1607-RDB, 2012 WL 576640, at *5 (D. Md. Feb. 21, 2012), *aff'd*, 716 F.3d 342 (4th Cir. 2013) ("[A] non-client third party generally cannot attack an attorney for the actions he takes on behalf of his clients.") (quoting *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Case No. 10-cv-3517-DKC, 2011 WL 3476994, at *21 (D. Md.

10

Aug. 8, 2011)). The proposed additional Count against Mr. Scott would be futile, as it would plainly be subject to dismissal for failure to state a claim.

### III. CONCLUSION AND ORDER

For the reasons stated above, the Court hereby ORDERS as follows:

1. Defendant's motion to dismiss (ECF No. 11) is GRANTED;

2. Plaintiff's motion to amend the complaint and join additional parties (ECF No. 26) is DENIED;

3. All other motions (ECF Nos. 10, 28) are DENIED as moot;

4. The case is DISMISSED WITH PREJUDICE;

5. The Clerk of Court is directed to mark this case as CLOSED.

Date: February 4, 2026

/s/
Adam B. Abelson
United States District Judge